Filing # 53496274 E-Filed 03/09/2017 10:38:25 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

RANDI SCHMITZ,

    Plaintiff,

vs.

WALGREENS COMPANY,

    Defendant.

_____/

CASE NO.:502016CA014165XXXXMB

WK249
MAR 27 2017
11:35 Am

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on the Defendant, WALGREEN CO., by serving:

> WALGREENS COMPANY
> ~~2257 VISTA PKWY #D~~  1201 Hays St.
> ~~WEST PALM BEACH, FL 33411~~ Tallahassee, FL 32301

    Each Defendant is hereby required to serve written defenses to said complaint on Plaintiff's attorney whose name and address is: Sekou Gary, Esquire, Gary, Williams, parenti, Watson & Gary, P.L.L.C., 221 SE Osceola St., Stuart, Fl. 34994, within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court wither before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the complaint.



DATED **Mar 09 2017**_____, 2017
**SHARON R BOCK**
CLERK OF THE CIRCUIT COURT

By:_____
    As Deputy Clerk

**KBUTLER**

(Court Seal)

**EXHIBIT A**

Filing # 50352602 E-Filed 12/20/2016 09:14:29 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA
Case No.

**RANDI SCHMITZ,**

    Plaintiff,

vs.

**WALGREENS COMPANY,**

    Defendant.

_____/

## COMPLAINT
### (Jury Trial Requested)

**I.   PRELIMINARY STATEMENT**

**COMES NOW** the Plaintiff, **RANDI SCHMITZ** (hereinafter also referred to as "**Ms. Schmitz**" the "**Plaintiff**"), by and through undersigned counsel, and brings this action against **WALGREENS COMPANY** ((hereinafter also referred to as **"Walgreens"** or the **"Defendant"**) for declaratory, permanent injunctive, and monetary relief to redress the deprivation of civil rights, as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, *as amended,* 42 U.S.C. § 2000e-16, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and by The Civil Rights Act of 1866, as codified in 42 U.S.C. § 1981.

This action also seeks redress for deprivation of **Ms. Schmitz'** civil rights as prohibited by the Florida Civil Rights Act of 1992 (hereinafter also referred to as "FCRA"), including, *inter alia*, as the other referenced enactments, gender and race discrimination, racially discriminatory and gender based terms and conditions of employment, relating to subjecting her to a hostile work environment, and subjecting her

1

to retaliation for opposing unlawful employment practices, and for participating in investigative and enforcement proceedings relating to her protected rights.

**Ms. Schmitz** also seeks relief for being constructively discharged from her employment, based on the retaliatory hostile work environment due to her gender and race.

Furthermore, the unlawful actions of the **Walgreens Company** have caused **Ms. Schmitz** extreme mental anguish, outrage, depression, painful embarrassment among her friends and former fellow employees, stress-induced insomnia, humiliation, disruption of her personal life, and loss of the ordinary pleasures of everyday life. She further states:

## II.   JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matters of this action as the request for damages exceeds $15,000.00, exclusive of costs and attorneys' fees. Jurisdiction also lies under the Florida Constitution, Article V, Section 5 (b) (circuit court's general powers), Sections 26.012 (areas of exclusive jurisdiction), 86.011(jurisdiction to issue declaratory judgment), and 760.11(4) (a) (enforcement of rights under the FCRA), Florida Statutes (2011). Jurisdiction also lies under 28 U.S.C. §1331 and 42 U.S.C. §2000e- (f) (3), as it presents federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, 42 U.S.C. § 1981, and 28 U.S.C. §§ 2201 and 2202 (The Declaratory Judgment Act).

2. For purposes of claims for relief under the FCRA, **Walgreens** is an employer within the meaning of that enactment, as, during the time relevant to this action, it employed fifteen (15) or more employees for each working day in each of the

twenty (20) or more calendar weeks in the current or preceding calendar year. For claims under Title VII, **Walgreens** constitutes a single Company with more than 15 full time employees, and is a covered employer under 42 U.S.C. § 2000e (b)

3. Plaintiff has fulfilled all the jurisdictional and administrative prerequisites to initiating this lawsuit under the FCRA and Title VII, by dual filing a Charge of Discrimination with the Florida Commission on Human Relations and the United States Equal Employment Opportunity Commissions ("EEOC") within 300 days of the violations of her rights identified herein, and named **Walgreens** as the employer responsible for the violations

4. Venue is proper in Palm Beach County, Florida, pursuant to Section 47.011, Florida Statutes (2011), because the causes of action and all acts and omissions giving rise to the claims and other adverse actions relevant to this cause, accrued in Palm Beach County, Florida.

5. Plaintiff has timely commenced this action within ninety (90) days of her receipt of the Notice of Right to Sue Letter issued by the EEOC. See Exhibit A attached hereto.

### III.   PARTIES

6. **Ms. Schmitz** is a Caucasian female over the age of forty (40), a resident of Palm Beach County, a citizen of the United States, and is *sui juris*.

7. **Walgreens** is a chain of stores throughout in the United State that specializes in filling prescriptions, health and wellness products, and general sundry, and has its headquarters in Deerfield, Illinois. It is a Foreign Corporation authorized to do business in the state of Florida.

## IV.   FACTUAL ALLEGATIONS

8. **Ms. Schmitz** commenced her employment with **Walgreens** on or about June 3, 2014, as a Beauty Advisor, and remained in that position until April 2015, when she earned a promotion to the position of Beauty Manager, the title she held until her constructive discharge on or about January 5, 2016.

9. **Ms. Schmitz** was a licensed cosmetologist for more than 30 years before commencing employment with Walgreens.

10. From the commencement of her employment with the Defendant until her separation, **Ms. Schmitz** was well-qualified for all positions she held, and consistently and continuously received superlative performance evaluations and awards as top producer.

12. On or about the first week of November, 2014, personnel managerial changes resulted in changes in her supervisory chain of command. Her supervisor became George McGill ("Mr. McGill"), an African-American male over the age of 40, and the Assistant Manager of the store to which she was assigned.

13. Shortly after Mr. McGill became Plaintiff's immediate supervisor, and throughout the time he was her direct report, he sexually propositioned and harassed her. Although plaintiff declined his illicit requests, he continually and relentlessly elicited, sometimes subtly and sometimes provocatively, sexual favors from plaintiff and made abrasive sexual comments towards her.

14. Mr. McGill began his onslaught of gender-based unwanted sexual advances from her very first lunch break when he was alone with her, by making inquiries of her private life, and disclosing - with emphasis - unsolicited information

4

about his private life and availability for personal intimacy. Mr. McGill continued this line of improper, and distasteful discourse, even though he knew, as a managerial employee of the Defendant, that romantic relationships between coworkers in the same store were prohibited.

15. From the initial improper and unwanted sexual advances by Mr. McGill, to the very final one, **Ms. Schmitz** categorically rejected all advances, and did not encourage Mr. McGill, implicitly or explicitly, to continue with the patently offensive and invisibly improper conduct.

16. Mr. McGill escalated his unwanted and illicit sexual advances, despite Plaintiff's rebuffing them. His forays included, but were not limited to, frequently carrying alcoholic beverages from an outside section of the store, that had a separate cashiers and entrance, to return to her location in the beauty section, again bypassing other cashiers, to complete his purchase and relentlessly continue his solicitation for unwelcomed romantic soirées; referring to her as "baby girl" and other unsolicited terms of endearment and perverseness; making sexually obscene and explicit gestures when alone with her; telling her of his sexual prowess which she attributed to being African-American, by stating, "once you go black, you'll never go back"; and overtly "undressing" her with steers to her bosom and groin areas while making his lewd solicitations.

17. After Plaintiff did not succumb to Mr. McGill's high-pressure tactics for sexual favors, and it became clear she was going to continue to rebuffing his advances, Mr. McGill, then commenced a continuous tirade of unjustified

criticisms of her work, and did so in loud, offensive, and demeaning ways.

18. Not only did the continuous hostile work environment become so severe and pervasive that it adversely affected Plaintiff's performance of her regular duties and responsibilities, but it also was a catalyst for Plaintiff experiencing physical ailments and irregularities, as well as severe emotional distress.

19. Plaintiff was reluctant to report, Mr. McGill, as he was the assistant manager, but she eventually did so by going to the store's manager, Clint Smithurst ("Mr. Smithurst") who referred the matter to the Defendant's human resources Department.

20. Plaintiff followed the directions from Defendant's human resources, investigator, Meryl Felsen ("Ms. Felsen"), and made a written complaint in January 2016.

21. Defendant eventually transferred Plaintiff to another of its store, and promised her that the harassment will not continue. That promise turned out to be barren.

22. Although Plaintiff is aware that **Walgreens** purports to have a policy, which provides for termination of an employee who engages in sexual and other unlawful harassment, Plaintiff is unaware of any discipline imposed on Mr. McGill, and is aware that his employment was not terminated.

23. Upon Plaintiff's acceptance of the transfer to another store, No. 4618, and commencement of her assignment as Beauty Consultant, under manager Jeff Swenson ("Mr. Swenson"), she was invited to and attended a meeting wherein Mr. Swenson and the then assistant manager were all informed that the transfer was to provide her with a "fresh start," from the sexual harassment she

encountered.

24. At the new location, and she continued to provide exemplary services to **Walgreens,** and shortly after the reassignment, she was selected to fill the position of Beauty Manager

25. Due to another vacancy that was created in Store 4618 by the departure of the assistant manager, plaintiff began to work under the direct supervision of another assistant manager, Sherrie Ellis ("Ms. Ellis"), a black female.

26. At the time of Plaintiff's initial meeting with Ms. Ellis, the latter made it clear that she was aware of who plaintiff was, and of her engaging in a protected activity. This was made clear by, among other things, Ms. Ellis cautioning Plaintiff, "I know that you are 'the one' from Mr. McGill's store."

27. Ms. Ellis then continued the onslaught of hostilities against Plaintiff, after indicating her displeasure with Plaintiff making a complaint of sexual harassment against her assistant manager colleague, Mr. McGill. As stated earlier, Mr. McGill and Ms. Ellis on both African-Americans.

28. From the time Ms. Ellis began supervising plaintiff, until she was constructively discharged, Plaintiff continually faced adversity - at the hands of Ms. Ellis, and with the ratification and condonation of Mr. Swenson - as a result of her complaints of sexual discrimination and the subject of her complaint, Mr. McGill. The adverse actions included, but were not limited to, denial of regular 15 minutes break intervals and denial of consecutive days off (provided to similarly situated coworkers); denial of required managerial training, which were provided to a part-time African-American coworker; and continuously

28. [continued] subjected to profanity laced and unjustified criticisms of job performance.

29. Although Plaintiff brought to the attention of Mr. Swenson the retaliatory and oppressive hostilities of Ms. Ellis, he neither attempted, nor took any corrective actions, and the demeaning and hostile actions continued and intensified to the point where Plaintiff had no other option, and, indeed, was compelled to resign.

30. As a result of the unlawful hostilities encountered by Plaintiff on account of her gender, race, and for her opposing the unlawful practice of sexual and racial harassment, **Ms. Schmitz** suffered extreme harm and injury, including, but not limited to, pain, inconvenience, embarrassment, humiliation, mental anguish and suffering, as well as pecuniary losses.

31. **Walgreens'** failure to investigate the allegations of retaliatory harassment, sexual harassment, racial harassment and racial discrimination, or to take corrective actions against those who perpetrated those unlawful acts, is an integral part of a pattern and practice of marginalizing female employees in its workplace.

32. Although it appeared initially to **Ms. Schmitz** that **Walgreens** was prepared to take infinitesimally small steps to mitigate the harm it caused her through their unlawful discrimination and harassment by transferring her, **Ms. Schmitz'** coworkers and supervisors continued to engage and condone the referenced offensive conduct

33. The incidences of sexual and racial harassment endured by **Ms. Schmitz** were so severe and pervasive that they created a hostile work environment based on her gender and race. Not only was the conduct subjectively perceived by **Ms. Schmitz** as gender-based, race-based, and retaliatory inspired changes in terms and

condition of employment, but any reasonable person would have objectively perceived the same palpably unlawful effect.

34. The sexual harassment, racial harassment and retaliatory hostile work environment that **Ms. Schmitz** encountered in her workplace became so unbearable that any reasonable person in her position would have felt compelled to end the employment relationship. **Ms. Schmitz** was constructively discharged January 5, 2016.

35. **Walgreens'** continual treatment of her equal opportunity rights with flippancy scorn and derision and the demeaning, retaliarory, and sexually and racially offensive conduct by supervisory personnel continued to the point where **Ms. Schmitz** mental and physical health began to become compromised.

## V. COUNT I (HOSTILE WORK ENVIRONMENT)

36. Plaintiff repeats and re-alleges Paragraphs 1- 35 above, as though fully set forth herein.

37. At all relevant times, Defendant had actual and constructive knowledge of the hostile work environment and acts of harassment described and alleged herein, and condoned, ratified and failed to remedy the hostile environment and such acts of harassment.

38. The harassment was committed with malice, ill motive, and with an intent to oppress **Ms. Schmitz**.

39. As a result of the hostile and offensive work environment perpetrated and maintained by Defendant, and Defendant's failure to protect Plaintiff from further harassment, **Ms. Schmitz** suffered severe emotional distress, humiliation, indignity

9

and loss of income.

40. As a direct and proximate result of the willful, knowing, and intentional harassment against Plaintiff, and Defendant's failure to act, Plaintiff has suffered mental distress, anguish, and indignation, loss of income, loss of advancement and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

41. **Ms. Schmitz** requests relief as provided in the Prayer for Relief below.

## COUNT I I (RETALIATION)

42. Plaintiff repeats and re-alleges Paragraphs 1- 35 above, as though fully set forth herein.

43. FCRA and Title VII have the same proscription against race discrimination in the context of this action as Section 1981. The Civil Rights Act of 1866, codified as 42 U.S.C. §1981, also prohibit retaliation against an employee for engaging in actions protected by these laws, and for opposing practices that are made unlawful under them.

44. The foregoing conduct constitutes unlawful retaliation prohibited by the FCRA, Title VII, and 42 U.S.C. §1981.

45. Defendant has engaged in a pattern and practice of permitting a hostile work environment and unlawful retaliation, and the unlawful actions against **Ms. Schmitz** are integral parts of this pattern and practice.

46. As a direct and proximate cause of Defendant's unlawful conduct, **Ms. Schmitz** has suffered and will continue to suffer both pecuniary and non-pecuniary losses for

10

which the Defendant is liable.

47. Plaintiff requests relief as provided in the Prayer for Relief below.

### COUNT III (RETALIATORY HOSTILE WORK ENVIRONMENT)

48. Plaintiff repeats and re-alleges Paragraphs 1- 35 above, as though fully set forth herein.

49. The FCRA and Title VII has the same proscription against race discrimination in the context of this claim as Section 1981. The Civil Rights Act of 1866, codified as 42 U.S.C. §1981, also prohibit retaliation against an employee for engaging in actions protected by these laws, and for opposing practices that are made unlawful under them, even when the adverse action is the creation, continuation and intensifying of a hostile work environment.

50. The permeation in **Ms. Schmitz'** workplace of gender-based, and racial-inspired ridicule, intimidation, insult, and degradation directed at her was also due to her complaint of unlawful discrimination..

51. The foregoing conduct constitutes unlawful retaliation prohibited by FCRA, Title VII, and 42 U.S.C. §1981..

52. Defendant has engaged in a pattern and practice of creating and permitting a hostile work environment as a way of unlawfully discriminating and retaliating against female employees. Defendant's unlawful conduct against **Ms. Schmitz** is but an integral part of this pattern and practice.

53. As a direct and proximate cause of Defendant's unlawful conduct, **Ms. Schmitz** has suffered and will continue to suffer both pecuniary and non-pecuniary losses for

which the Defendant is liable.

54. Plaintiff requests relief as provided in the Prayer for Relief below

### COUNT IV (CONSTRUCTIVE DISCHARGE)

55. Plaintiff repeats and re-alleges Paragraphs 1- 35 above, as though fully set forth herein.

56. The foregoing conduct constitutes illegal intentional discrimination with respect to the termination of contracts prohibited by the FCRA, 42 U.S.C. §1981 and Title VII, in that Defendant, by its unlawful conduct described above, and by **Ms. Schmitz** reporting same to Mr. Swenson, created and maintained a workplace that was so replete with sexual harassment, retaliatory conduct and racial harassment that it was aware of and intended that the conditions become so unbearable that **Ms. Schmitz** and any reasonable person in her position would have felt compelled to end the employment relationship.

57. As a direct and proximate cause of Defendants' unlawful conduct, **Ms. Schmitz** has suffered and will continue to suffer both pecuniary and non-pecuniary losses for which the Defendant is are liable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

2. For special damages in amounts according to proof;

3. For back pay and front pay;

4. For punitive damages sufficient to punish Defendant for the conduct; alleged herein, and to deter such conduct in the future;

5. For attorneys' fees as provided by law; such other and further relief this Court deems just and proper

6. A jury trial on issues so triable.

Respectfully submitted this 20th day of December 2016,


_/s/ Sekou Gary_
Sekou Gary Esq
Florida Bar No.: 372640
Attorneys for Plaintiff
sekou@williegary.com
Mia Pintard
Florida Bar No.: 120504
mia@williegary.com
Gary, Williams, Parenti, Watson & Gary, P.L
221 S.E. Osceola Street Stuart, Fl 34994
Telephone:(772) 283-8260
Facsimile:(772) 219- 3365

MIAMI DISTRICT OFFICE
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI TOWER
100 SOUTH EAST 2nd STREET
SUITE 1500
MIAMI, FLORIDA 33131

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300



7014 2870 0000 6213 32

02 1P    $ 003.30
0000808295    SEP 20 2016
MAILED FROM ZIP CODE 33131

Received
Thurs. 9-22-16.

3341131021 C091



PLAINTIFF'S
EXHIBIT
A

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Randi Schmitz<br>167 Rivera Ct.<br>Royal Palm Beach,, FL 33411 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2016-24145 | Susan Diaz,<br>Investigator | (305) 808-1768 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Nitza Santos Wright*
PATRICK KOKENGE,
Acting District Director

SEP 20 2016
*(Date Mailed)*

Enclosures(s)

cc: Chris G. Murray
Human Resources Director
WALGREEN
104 Wilmont Road
Deerfield, IL 60015

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*